**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 18-21808-TJC** |
| **CPKap, LLC d/b/a Kapnos Taverna** | ) |
| **College Park, *et al.*[1]** | ) **Chapter 11 (Jointly Administered)** |
| | ) |
| **Debtors.** | ) |

**OBJECTION OF THE HOTEL AT UMCP, LLP TO (I) APPLICATION TO EMPLOY
AND RETAIN PORZIO, BROMBERG & NEWMAN, P.C. AS GENERAL BANKRUPTCY
COUNSEL TO THE DEBTORS AND (II) APPLICATION TO EMPLOY YUMKAS,
VIDMAR, SWEENEY & MULRENIN, LLC AS LOCAL COUNSEL TO THE DEBTORS**

The Hotel at UMCP, LLC ("The Hotel"), by and through its undersigned counsel,
Linowes and Blocher LLP and John T. Farnum, Esq., hereby objects ("Objection") to (i) the
Application to Employ and Retain Porzio, Bromberg & Newman, P.C. ("Porzio") as General
Bankruptcy Counsel to the Debtors ("Porzio Application") and (ii) the Application to Employ
Yumkas, Vidmar, Sweeney & Mulrenin LLC ("YVSM") as Local Counsel to the Debtors
("YVSM Application" and, together with the Porzio Application, the "Retention Applications"
and each, a "Retention Application").  In support thereof, The Hotel respectfully states as
follows:

The administrative expense and cash-intensive dependent burdens on these Debtors is
significant.  Hiring two law firms to represent the Debtors is unnecessary and will only serve to

---

[1] The debtors in these jointly administered chapter 11 bankruptcy cases, their addresses, the last four digits of their
employment identification numbers and their bankruptcy case numbers are: CPKAP, LLC d/b/a Kapnos Taverna
College Park, 7777 Baltimore Ave, College Park, MD 20740, (3742), Case No. 18-21808; BallCantina, LLC d/b/a
Pepita, 4000 Wilson Blvd, Ste D, Arlington, VA 22203, (7545), Case No. 18-21823; BallNoodle, LLC d/b/a Yona,
4000 Wilson Blvd, Ste C, Arlington, VA 22203, (2510), Case No. 18-21824; 14WBella, LLC d/b/a Kapnos & G,
2201 14th St NW, Washington, DC 20009, (3035),Case No. 18-21825; Masskap, LLC d/b/a Arroz, 901
Massachusetts Ave NW, Washington, DC 20001, (2590), Case No. 18-21827; Mosakap, LLC d/b/a Requin
VA/Mosaic, 8296 Glass Alley #110, Fairfax, VA 22031, (6763), Case No. 18-21828; TyIsa, LLC d/b/a Isabella
Eatery, 2001 International Drive, McLean, VA 22102, (4088) Case No. 18-21830; BallKap, LLC d/b/a Kapnos
Taverna, 4000 Wilson Blvd, Ste A, Arlington, VA 22203, (1385), Case No. 18-21832; and Mike Isabella, Inc.,
12154 Darnestown Rd, Ste 621, Gaithersburg, MD 20878, (6314), Case No. 18-21835.

1

exacerbate such issues.  The Retention Applications fail to explain why the Debtors require the services of two law firms.  The Retention Applications (and related filings) also fail to adequately disclosure the source of each firms' retainer and/or properly explain how funds received from one retainer may be utilized to pay fees for work performed on behalf of other Debtors.  Finally, the Retention Applications fail to adequately disclose what, if any work, the firms are performing on behalf of non-debtors, including the owner of the Debtors and non-debtors.  As such, and for the reasons set forth more fully below, The Hotel respectively requests that the Court deny the Retention Applications.

## BACKGROUND

A.    **THE DEBTOR'S LEASE WITH THE HOTEL.**

1.    The Hotel is the lessor and landlord of certain nonresidential real property located in College Park, Maryland ("Premises").

2.    On or about October 15, 2015, The Hotel and CPKap, LLC d/b/a Kapnos Taverna College Park ("Debtor" and, together with the other debtors in the above-captioned jointly administered cases, the "Debtors") entered into that certain Retail Lease ("Lease") with respect to the Premises.

3.    The initial term of the Lease was for five (5) years ("Term") following the Lease Commencement Date of September 22, 2017.

4.    Under the Lease, the Debtor is required to pay minimum rent ("Minimum Rent") in an amount equal to ten percent (10%) of Gross Sales for each month during the Term.

5.    All sums payable by the Debtor under the Lease, other than Minimum Rent, is deemed "Additional Rent," which includes, but is not limited to, a Monthly Tax Charge, Monthly Mechanical Plant Charge and Monthly Promotional Fund Charge.  Together Minimum

2

7119661

Rent and Additional Rent are "Rent" under the Lease.

6.     The Debtor ceased paying Rent in January 2018.  As of August 31, 2018, the Debtor owes The Hotel not less than $136,885.55 plus attorneys' fees and costs, which continue to accrue.

7.     Mr. Isabella, who is the owner, sole shareholder and/or managing member of each of the Debtors, is a guarantor under the Lease.

**B.     THE BANKRUPTCY CASES.**

8.     On September 6, 2018 ("Petition Date"), each of the above-captioned Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division ("Court"). Five (5) related entities are not in bankruptcy – two (2) closed restaurants, two (2) operating restaurants and one (1) management company, which operates the operating Debtors and the two (2) operating non-debtors.[2]  *See* Affidavit of Michael Isabella in Support of Debtors' Chapter 11 Petition and First Day Motions [Dkt. No. 8][3] ("Isabella Affidavit"), at ¶3.

9.     Prior to filing bankruptcy, Mr. Isabella – the owner and sole shareholder of the corporate debtor Mike Isabella, Inc. d/b/a Mike Isabella Concepts ("MIC") and the managing member of each of the other Debtors – entered into an agreement settling litigation related to sexual harassment claims brought against Mr. Isabella.  *Id.*, ¶10.  Although the Isabella Affidavit makes clear the settlement included a financial payout, it fails to disclose the source(s) of the funds used to make the settlement payment(s).[4]  *Id.*

---

[2] TyIsa, LLC and MosaKap, LLC are the two (2) non-operating Debtors.

[3] Unless otherwise set forth herein, all docket numbers reflect docket entries in Case No. 18-21808.

[4] The Schedules of Assets and Liabilities filed by Mike Isabella, Inc. ("MII Schedules") list an unsecured claim for $0.00 for Chloe Cara based upon "Settlement Agreement – Confidential."  The basis for such alleged confidentiality on any debtor's bankruptcy schedules is spurious.  As a general matter, the Debtors will be unable to file a confirmable plan absent disclosure of the settlement amount.  Further, the Debtor cannot make any post-petition

3

10.     Below is a summary of secured debt, leases and insider liabilities disclosed in each of the Debtors' respective Schedules of Assets and Liabilities:

- CPKap, LLC (18-21808)
  - Secured Debt: None.
  - Unexpired Lease(s): The Hotel ($137,656)
  - Insider Liabilities: $108,298
- BallCantina, LLC (18-21823)
  - Secured Debt: AMEX ($57,779); EagleBank ($143,164)[5]
  - Unexpired Lease(s): The View at Liberty Center ($4,558)
  - Insider Liabilities: $137,455
- BallNoodle, LLC (18-21824)
  - Secured Debt: EagleBank ($204,816)[6]
  - Unexpired Lease(s): The View at Liberty Center ($6,831)
  - Insider Liabilities: $218,893
- 14wBella, LLC (18-21825)
  - Secured Debt: EagleBank ($11,302)[7]
  - Unexpired Lease(s): None.
  - Insider Liabilities: $20,000
- MassKap, LLC (18-21827)
  - Secured Debt: EagleBank ($497,485); On Deck Capital, Inc. ($86,873)
  - Unexpired Lease(s): Marriott Marquis Washington DC ($119,130)
  - Insider Liabilities: $23,500
- MosaKap, LLC (18-21828) (non-operating)
  - Secured Debt: EagleBank ($176,321)[8]
  - Unexpired Lease(s): Eskridge, (E&A), LLC ($715,596)
  - Insider Liabilities: $60,000

(list continues)

---

payments to Ms. Cara, or any other recipients under any settlement agreement, absent Court approval because all debtors are prohibited from using property of the estate outside the ordinary course of business.  Finally, despite claiming the terms of the settlement agreement are confidential, the MII Schedules identify one $12,500 payment to Ms. Cara in the 90-day prior to the Petition Date.  Accordingly, there is no basis for such alleged confidentiality.

[5] 14WBella, LLC, BallCantina, LLC and BellKap, LLC are co-debtors.

[6] 14WBella, LLC, BallNoodle, LLC and BellKap, LLC are co-debtors.

[7] BallCantina, LLC, BallNoodle, LLC, BellKap, LLC, Mike Isabella, Inc. and Mosakap, LLC are co-debtors.

[8] 14WBella, LLC, BellKap, LLC, and Mike Isabella, Inc. are co-debtors.

7119661

- TyIsa, LLC (18-21830) (non-operating)[9]
    - Secured Debt: M&T Bank ($775,096);[10] Sysco Baltimore ($19,490)
    - Unexpired Lease(s): Tysons Galleria, LLC ($171,207)
    - Insider Liabilities: $99,160
- BallKap, LLC (18-21832)
    - Secured Debt: AMEX ($256,072); EagleBank ($98,310)[11]
    - Unexpired Lease(s): The View at Liberty Center ($21,918)
    - Insider Liabilities: $27,200
- Mike Isabella, Inc. (18-21835)
    - Secured Debt: None.
    - Unexpired Lease(s): None.
    - Insider Liabilities: $245,771

11.     Although each of the Debtors identifies significant accounts payable owed to one or more affiliate, none of the Debtors' Schedules identify any corresponding accounts receivable. Also, although the Isabella Affidavit discloses that MIC receives a $3,000 per month accounting and administrative fee per restaurant plus 3% of gross revenues per restaurant it manages, none of the Schedules of any of the Debtors identify any insider transfers within one (1) year of the Petition Date.  Isabella Affidavit, at ¶6-7.

12.     Substantially all, if not all, of the operating, restaurant Debtors appear to have debts that may be subject to PACA claims.

13.     The total claims identified by the Debtors on their respective Schedules total approximately $8.235 million.  Excluding insider claims, the amount is reduced to approximately $7.298 million.

14.     The total claims identified by the operating Debtors (i.e., excluding MosaKap, LLC and TyIsa, LLC) on their respective Schedules total approximately $4.764 million.

---

[9] 14wBella, LLC, BallCantina, LLC, BallKap, LLC, BallNoodle, LLC, Johannes Allender, Mike Isabella and Mike Isabella, Inc. are co-debtors.

[10] 14WBella, LLC, BellKap, LLC, and Mike Isabella, Inc. are co-debtors.

[11] 14WBella, LLC and Mike Isabella, Inc. are co-debtors.

7119661

Excluding insider claims, the amount is reduced to less than $4 million, or approximately $3.986 million.

**C.     THE RETENTION APPLICATIONS.**

15.     On September 10, 2018, YVSM filed its Retention Application.  *See* Dkt. No. 27.

16.     On September 12, 2018, Porzio filed its Retention Application.  *See* Dkt. No. 39. Porzio filed a Supplemental Certification of Warren J. Martin Jr. on September 19, 2018.  *See* Dkt. No. 57.

<u>**ARGUMENT**</u>

The Hotel does not object to the qualifications of Porzio or YVSM.  Nor does it object to the Debtors' need to retain qualified counsel.  Rather, The Hotel objects to the Debtors' request to employ two (2) sets of qualified counsel.  The Hotel also objects to each Retention Application due to (i) their failure to disclose the source(s) of their respective retainers and/or the singular source of such retainer and (ii) their failure to adequately disclose whether either law firm is performing work on behalf of any of non-debtor affiliates or principals of the Debtors or non-debtor affiliates.

Hiring two (2) law firms – both qualified to represent the Debtors before the Court with Maryland-licensed counsel – will place an unnecessary and avoidable strain on the Debtors' already limited resources.  Although all debtors are different, restaurant debtors seeking to reorganize under chapter 11 face unique challenges, including special rights for vendors under PACA, significant section 503(b)(9) administrative expense claims, strict deadlines to assume/reject unexpired leases and executory contracts, significant payments to cure monetary defaults under unexpired leases and executory contracts the debtor seeks to assume, the requirement to timely comply with all terms of their leases post-petition and potential

6

reclamation claims.  Many restaurants also own few valuable assets that may be used as collateral.  The above-captioned Debtors are burdened by each of these challenges.  Additionally, one of the, if not the, most valuable assets of the Debtors – the reputation of its owner/managing member, Mike Isabella – has been irreparably harmed by significant and lingering bad press.[12] Each of these challenges places significant, cash-intensive burdens on the Debtors.  Filing bankruptcy, however, does not solve cash flow or revenue problems.  Nor does hiring extraneous counsel.

Neither Retention Application has demonstrated an actual need to hire both law firms. For example, the Porzio Application discloses no prior relationship with the Debtors that might provide a specific basis for hiring Porzio, a New Jersey-based law firm.  *See* Porzio Application, at ¶ 13 ("Prior to the Petition Date, [Porzio] was paid $49,359.70 for disbursements incurred and services rendered, all of which were related to preparing for the filing of the present Chapter 11 Cases and the issues arising from same.  *[Porzio] did not perform any non-bankruptcy related services for the Debtors*.") (emphasis added).[13]  The Porzio Application also fails to distinguish Porzio from YVSM.

Similarly, the Debtors have demonstrated no need to hire YVSM and Porzio.  As demonstrated by Porzio's ability to file nine (9) separate chapter 11 petitions with the Court on the morning of September 6, 2018, Porzio is not in need of local counsel.  To the extent the Debtors seek to employ YVSM as conflicts counsel, the Retention Applications both make clear neither law firm has any conflicts necessitating conflicts counsel.  Allowing the Debtors to

---

[12]  Because the Debtors' Schedules fail to fully account for intercompany transfers, several affiliates have chosen not to file bankruptcy, Mr. Isabella has not filed for personal bankruptcy and the Debtors' refuse to adequately disclose payments related to Mr. Isabella's litigation settlement, it is impossible to determine if corporate funds were improperly utilized to fund the settlement.

[13]  The Porzio Application also makes clear that Porzio bills for travel expenses and working meals.  The Debtors' estates should not be burdened by northern New Jersey (Morristown) to DC travel, including any related meal costs, or any related attorney travel time.

employ Porzio <u>and</u> YVSM only serves to burden the bankruptcy estates with an additional, unnecessary layer of administrative expenses.

The disclosures made by Porzio and YVSM are also deficient.  As a threshold matter, neither Retention Application discloses the source of their respective retainers.  Porzio and YVSM, however, have both filed Disclosures of Compensation with the Court.  *See* Dkt No. 2 (Porzio) and Dkt. No. 28 (YVSM).  According to the Porzio disclosure, Porzio received the entire lump sum retainer from an unnamed "Debtor."  According to the YVSM disclosure, YVSM received its retainer from 14WBella, LLC.  Both disclosures, however, are equally problematic.  The Debtors are being jointly administered and are not substantively consolidated.  Accepting a single, lump sum retainer from a generic "Debtor" or one specific debtor for work in all of the Debtors' nine (9) cases does not respect the separate corporate existence of each of the Debtors and suggests that counsel may seek to bill their time, generally, to the cases and not separate out their time by debtor.  Although the Debtors are affiliates, each has a distinct debt structure.  For example, there are two primary secured lenders, yet not every debtor – including Kapnos – is burdened by secured debt.  While the Debtors' pleadings make clear there were numerous intercompany transfers pre-petition, the Debtors cannot continue to operate in that manner post-petition.  Failing to address this issue now, as opposed to attempting to unscramble the egg later, may not only be impossible but will assuredly burden the Debtors with additional, unnecessary administrative expenses.

The Retention Applications also fail to directly address whether Porzio or YVSM is providing services to any of the non-debtors.  This is critical to understand because those entities are likely adverse to some, if not all, of the Debtors.  After all, if the nine (9) Debtors and the five (5) non-debtors were all on the same page on every issue, then all fourteen (14) would have

filed chapter 11 on the Petition Date.  Finally, Porzio and YVSM cannot provide counsel to Mr. Isabella or other equity owners in their individual capacities.  The disclosures associated with each of the Retention Applications must directly address these issues.

## NOTICE

Notice of this Motion will be given in accordance with the notice procedures approved by this Court on September 20, 2018. The Hotel submits that no other or further notice of the Motion is required.

## WAIVER OF MEMORANDUM OF LAW

Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in this motion, The Hotel requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR REQUEST

No previous motion for the relief sought herein has been made to the Court or any other court.

## RELIEF REQUESTED

WHEREFORE, for the reasons set forth herein and as may be raised at any hearing on this matter, The Hotel at UMCP, LLC respectfully requests entry of an order (i) denying both of the Retention Applications and (ii) granting such other and further relief as this Court deems just and proper.

**-Signature Page Follows-**

7119661

Dated: September 20, 2018          Respectfully submitted,


                        **LINOWES AND BLOCHER LLP**

                  By: */s/ John T. Farnum*
                      John T. Farnum, Esq. (Fed ID 13906)
                      7200 Wisconsin Avenue, Suite 800
                      Bethesda, Maryland 20814
                      T: 301.961.5275
                      F: 301.654.2801
                      jfarnum@linowes-law.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September 2018, a copy of the foregoing Motion was served in accordance with the notice procedures approved by this Court on September 20, 2018, as is set forth below and on the attached list.


                      */s/ John T. Farnum*
                      John T. Farnum

| DESCRIPTION | NAME | EMAIL ADDRESS(ES) | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | ST | ZIP |
|---|---|---|---|---|---|---|---|---|
| **SERVICE LIST** | | | | | | | | |
| **SERVED VIA CM/ECF ONLY** | | | | | | | | |
| APPEARANCE FILED | Alan M. Grochal | agrochal@tydingslaw.com; edondero@tydingslaw.com; mfink@tydingslaw.com | Tydings & Rosenberg LLP | One East Pratt St | Suite 901 | Baltimore | MD | 21202 |
| APPEARANCE FILED | Joseph Michael Selba | Jselba@tydingslaw.com; edondero@tydingslaw.com | Tydings & Rosenberg LLP | One East Pratt St | Suite 901 | Baltimore | MD | 21202 |
| APPEARANCE FILED | Michael J. Lichtenstein | mjl@shulmanrogers.com; tlockwood@shulmanrogers.com | | | | | | |
| APPEARANCE FILED | Richard A. DuBose | rdubo@gebsmith.com | Gebhardt and Smith, LLP | One South Street | Suite 2200 | Baltimore | MD | 21202 |
| APPEARANCE FILED | Richard J. Oparil | rjoparil@pbnlaw.com; nvfuentes@pbnlaw.com; mpdermatis@pbnlaw.com; raparisi@pbnlaw.com; kdcurtin@pbnlaw.com; pnbalala@pbnlaw.com | | | | | | |
| APPEARANCE FILED | Robert L. LeHane | kclwbankruptcydepartment@kelleydrye.com; rlehane@kelleydrye.com | Kelley Drye & Warren LLP | 101 Park Ave | | New York | NY | 10178 |
| DEBTOR COUNSEL | Catherine Keller Hopkin | chopkin@yvslaw.com; pgomez@yvslaw.com; yvslawcmecf@gmail.com; r39990@notify.bestcase.com; hopkincr39990@notify.bestcase.com | | | | | | |
| TRUSTEE | Gerard R. Vetter | gerard.r.vetter@usdoj.gov | | | | | | |
| **SERVED VIA FIRST CLASS MAIL, POSTAGE PREPAID** | | | | | | | | |
| CREDITOR TOP30 | Alliance Technology Group LLC | | 7010 Hi Tech Drive | | | Hanover | MD | 21076 |
| CREDITOR TOP30 | ALSCO | | 4900 Philadelphia Way | | | Lanham | MD | 20706 |
| CREDITOR TOP30 | American Express Card | | 4315 S 2700 W | | | Salt Lake City | UT | 84184 |
| CREDITOR TOP30 | Baldor Specialty Foods, Inc. | | 155 Food Center Drive | | | Bronx | NY | 10474 |
| CREDITOR TOP30 | C&JM Services Inc. | | 21 S. Summit Avenue | | | Gaithersburg | MD | 20878 |
| CREDITOR TOP30 | Capital Meat Co. | | 2003 Beaver Road | | | Landover | MD | 20785 |
| CREDITOR TOP30 | Congressional Seafood Co. Inc. | | 7775 Chesapeake Bay Court | | | Jessup | MD | 20794 |
| CREDITOR TOP30 | DC Party Rental | | 2625 Southg Shirlington Rd | | | Arlington | VA | 22206 |
| CREDITOR TOP30 | Dominion Virginia Power | | 1 River Road | | | Richmond | VA | 23226 |
| CREDITOR TOP30 | Eskridge, (E&A) LLC | | c/o Edens Limited Partnership | 1221 Main Street | Suite 1000 | Columbia | SC | 29201 |
| CREDITOR TOP30 | Hospitality Construction Services | | 840 Lake Varuna Mews | | | Gaithersburg | MD | 20878 |
| CREDITOR TOP30 | Jackson Lewis, P.C. | | 10701 Parkridge Blvd | Suite 300 | | Reston | VA | 20191 |
| CREDITOR TOP30 | JRS Associates Inc. | | 6393A Rockburn Hill Road | | | Elkridge | MD | 20878 |
| CREDITOR TOP30 | Julius Silvert, Inc | | 121 E. Luzerne Street | | | Philadelphia | PA | 19124 |
| CREDITOR TOP30 | Keany Produce Co. | | 3310 75th Avenue | | | Hyattsville | MD | 20785 |
| CREDITOR TOP30 | Kelly Health Insurance | | 999 West Big Beaver Road | | | Troy | MI | 48084 |
| CREDITOR TOP30 | LDV Imports | | 130 West 25th Street | Floor 7 | | New York | NY | 10001 |
| CREDITOR TOP30 | Marriot Marquis Washington DC | | 901 Massachussetts Ave. NW | | | Washington | DC | 20001 |
| CREDITOR TOP30 | Olympus Food Distributors, Inc. | | 621 South Pickett Street | | | Alexandria | VA | 22304 |
| CREDITOR TOP30 | Oracle America, Inc | | 500 Oracle Parkway | | | Redwood City | CA | 94065 |
| CREDITOR TOP30 | Potomac Exhaust, Inc. | | 1775 West Mt. Harmony Roas | | | Owings | MD | 20736 |
| CREDITOR TOP30 | Restaurant Technologies, Inc. | | 12962 Collections Center Drive | | | Chicago | IL | 60693 |
| CREDITOR TOP30 | Samuel & Son Seafood Co. | | 3400 S Lawrence St. | | | Philadelphia | PA | 19148 |
| CREDITOR TOP30 | SHF 14W LLC | | 1315 W St. NW | | | Washington | DC | 20009 |
| CREDITOR TOP30 | The General Design Company LLC | | 406 H St. NE | 2nd Floor | | Washington | DC | 20002 |
| CREDITOR TOP30 | The View at Liberty Center | | c/o Buzzoto Management Company | Attn: Leasing Office | 4000 Wilson Blvd | Arlington | VA | 22203 |
| CREDITOR TOP30 | Waste Management | | 24516 Network Place | | | Chicago | IL | 60673 |
| FEDERAL/GOV | DC Office of Tax and Revenue | | Compliance Administration | Collection Division | 1101 4th Street, SW, 6th Fl | Washington | DC | 20024 |
| FEDERAL/GOV | Internal Revenue Service | | 2970 Market Street | Mail Stop 5-Q30.133 | | Philadelphia | PA | 19104 |
| FEDERAL/GOV | Maryland Attorney General | | 200 St. Paul Place | | | Baltimore | MD | 21202 |
| FEDERAL/GOV | Maryland Dept. of Assessments & Taxation | | State Office Building | 301 W. Preston Street | | Baltimore | MD | 21201 |
| FEDERAL/GOV | Office of the Attorney General | | Tax, Bankruptcy and Finance | One Judiciary Square | 441 4th Street, NW, 6th Fl | Washington | DC | 20001 |
| FEDERAL/GOV | Secretary of the Treasury | | 15th and Pennsylvanya Ave. NW | | | Washington | DC | 20220 |
| FEDERAL/GOV | The United States Attorney General | | United States Dept. Of Justice | 950 Pennsylvania Avenue, NW | | Washington | DC | 20530 |
| FEDERAL/GOV | U.S. Attorney for the District of Maryland | | 36 S. Charles Street | 4th Floor | | Baltimore | MD | 21201 |
| FEDERAL/GOV | U.S. Attorney for the Eastern District of VA | | Justin W. Williams US Attorney's Bldg | 2100 Jamieson Ave | | Alexandria | VA | 22314 |
| FEDERAL/GOV | U.S. Attorney for the Western District of VA | | 310 1st Street, SW | Room 906 | | Roanoke | VA | 24011 |
| FEDERAL/GOV | U.S. Secretary of the Treasury | | 1500 Pennsylvania Avenue NW | | | Washington | DC | 20220 |
| FEDERAL/GOV | Virginia Department of Taxation | | 1957 Westmoreland Street | | | Richmond | VA | 23230 |
| SECURED CREDITOR | American Express Merchant Financing | | c/o Datamark Inc. | Attn: Merchan Fin | 43 Butterfield Circle | El Paso | TX | 79906 |
| SECURED CREDITOR | EagleBank | | 130 Rollins Avenue | | | Rockville | MD | 20852 |
| SECURED CREDITOR | M&T Bank | | One M&T Plaza | | | Buffalo | NY | 14203 |
| SECURED CREDITOR | On Deck Capital Inc. | | Attn: Director of Operations | 901 N Stuart Street | Suite 700 | Arlington | VA | 22203 |
| US TRUSTEE | Office of the United States Trustee | | 6305 Ivy Lane | Suite 600 | | Greenbelt | MD | 20770 |